IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SETH GERSZBERG,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MIAMI BEACH, FLORIDA, A Florida Municipal Corporation,<br><br>Defendant. | Case Number: |

MAGISTRATE JUDGE

## COMPLAINT

Plaintiff Seth Gerszberg, (hereinafter "Gerszberg") through his undersigned attorneys, sues defendant, City of Miami Beach, Florida (hereinafter the "City"), and alleges:

## INTRODUCTION

Plaintiff Seth Gerszberg owns residential property in the City of Miami Beach. He has long been a supporter of graffiti art. Previously, the City has issued a citation to Gerszberg and required, under threat of substantial fines, that he remove graffiti to which he had no objection from his property. Gerszberg desires to have graffiti art painted on his property by a recognized graffiti artist. Gerszberg believes that the City's prohibition of graffiti art which he authorizes on his property is a violation of the First Amendment to the Constitution of the United States. This action is brought in order to obtain a declaration that owners of private property may permit graffiti art without interference by the City with a citizen's constitutional right of free expression.

1. This action seeks a declaration that the provisions of the Miami Beach City Code, to the extent they restrict owner-authorized graffiti art, impermissibly prohibit or restrict artistic expression in violation of the First Amendment, and an Order barring the enforcement of Miami



Beach City Code Sections 58-298, 58-299 and 70-126(a) (hereinafter the "anti-graffiti ordinances"), and Section 138-204 (hereinafter the "artistic graphics ordinance"), to the artistic expression of the Plaintiff.

2. Plaintiff also seeks a declaration that the City's ordinances relating to graffiti art are unconstitutionally vague because they lack definitions of key terms, are contradictory, and lack any semblance of standards for administrative decision-making, thereby making it impossible to determine whether they prohibit placement and maintenance of graffiti art even when authorized by the owner, or if permitted, under what standards. Further, Section 70-123 of the City Code appears to permit graffiti art on property with the owner's consent.

3. Plaintiff Gerszberg alleges that those sections of the City Code which address graffiti art violate his First and Fourteenth Amendment Rights. He seeks a judgment declaring these ordinances unconstitutional and enjoining their enforcement, so that he, as a Miami Beach property owner, can freely exhibit graffiti art on private property without the unconstitutional interference of the government.

**PARTIES**

4. Plaintiff Seth Gerszberg owns residential property in the City of Miami Beach located at 4609 Pine Tree Drive. This property is essentially vacant with a partially constructed house on the property.

5. Defendant, City of Miami Beach, is a municipality existing under Article VIII, Section 2 of the Florida Constitution and Chapter 166, Florida Statutes. All actions of the City are under color of state law.

**JURISDICTION**

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

7. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the plaintiff by the First and Fourteenth Amendments to the Constitution of the United States of America.

8. The plaintiff's claims for relief are predicated on upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to plaintiff by the Constitution and laws of the United States.

9. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Injunctive relief is sought pursuant to Rule 65, Federal Rules of Civil Procedure.

11. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

**VENUE**

12. Venue is proper in this district because the defendant resides or is found here, a substantial part of the events or omissions giving rise to the claim have occurred here and the property that is the subject of the action is located here.

**GENERAL ALLEGATIONS**

**Graffiti Art**

13. Gerszberg is employed by Ecko.Complex LLC d/b/a Ecko Unltd. The founder and Chief Executive Officer is Marc Ecko. Ecko's abilities as a graffiti artist and his contributions to the graffiti art movement have been recognized throughout the art community.

Gerszberg has long appreciated and supported the graffiti art movement. This same view is deeply evidenced in the culture of Ecko Unltd. and its employees.

14. Graffiti art has grown from its roots in inner-city street culture into a recognized and even mainstream art form, with fans in all age, race and socioeconomic classes. Numerous books are devoted to graffiti art, and this art form is studied in schools and displayed in galleries and museums. Graffiti artwork is as much the embodiment of the artist's expression as a written text or song. Also, countless are the number of books devoted to graffiti as an art form, the number of students that study the art of graffiti in schools, the number of artists that practice the art of graffiti and the number of art galleries and museums that display and exhibit graffiti art every single day of the year.

15. Gerszberg has commissioned the creation of graffiti art to be painted by a professional graffiti artist on the property he owns at 4609 Pine Tree Drive in the City of Miami Beach. A rendering of the proposed graffiti art is attached as Exhibit A to this Complaint.

**The City's Prohibition of Graffiti Art**

16. Plaintiff brings this lawsuit because it is unclear whether the City Code permits owner-authorized graffiti art.

17. Section 58-298(n) of the Miami Beach City Code, entitled Responsibilities of Owners and Occupants, provides that:

> Every owner of a building shall be responsible for removing unauthorized signs, posters and graffiti from the building's exterior; those signs authorized or exempted by the city zoning ordinance are exempted from this subsection.

18. Section 58-299(i) of the Miami Beach City Code, entitled Responsibilities of Owners of Vacant Buildings, Vacant Structures and Vacant or Unimproved Lots, provides that:

> Every owner of a vacant building, structure or lot shall be responsible for removing unauthorized signs, posters and graffiti

from the building's exterior; those signs authorized or exempted by the city's zoning ordinance are exempted from this subsection.

19. Neither Section 58-298(n) nor Section 58-299(i) defines the term "unauthorized." Nor is the term "unauthorized" defined in any other section of the City Code.

20. Neither Section 58-298(n) nor Section 58-299(i) defines the term "graffiti."

21. Section 58-298(n) and Section 58-299(i) only exempt signs from their mandatory removal requirement. Neither section contains an exemption for graffiti art. Both sections, therefore, prohibit the maintenance of graffiti art despite the consent of the owner.

**The City's Artistic or Super Graphics Permitting Process**

22. Further, despite the seemingly absolute prohibition on maintenance of graffiti set forth in the foregoing ordinances, Section 138-204 of the City Code provides a permitting process for "artistic or super graphics." This provision states:

> Artistic or super graphics and/or neon banding that have no commercial association are permitted, and may or may not face a street, with the approval of the design review board. If they are located in a local historic district or upon a historic site then it shall be reviewed by the joint design review and historic preservation board pursuant to chapter 118, article II.

23. Nowhere in the City Code is there a definition for "artistic or super graphics." Nor does the City Code set forth any criteria governing when a permit for artistic or super graphics may be issued. Although the ordinance refers to a review process for graphics in historic districts or on historic sites, no similar reference is made to review procedures for graphics in other locations.

24. Sections 118-251 to 188-263 set forth procedures and criteria for obtaining a decision from the Design Review Board. Nothing in these sections, however, refers to graffiti or graffiti art, or to artistic or super graphics.

25. Section 118-251 provides for "design review criteria." Some of the listed "criteria" do not provide any standard at all, but instead refer to factual information to be considered by the board (such as the size of the lot). To the extent true criteria are listed, they do not appear to apply to graffiti art. To the extent they might apply to graffiti art, they are vague and ill-defined. For example, Section 118-251(a)(6) provides:

> The proposed structure, and/or additions or modifications to an existing structure, indicates sensitivity to and is compatible with the environment and adjacent structures, and enhances the appearance of the surrounding properties.

26. The City Code provides no guidelines under which it could be determined whether a particular work of graffiti art "indicates" a "sensitivity" to and a "compatibility" with the environment and adjacent structures, or whether it "enhances the appearance" of other properties.

27. Section 118-253(a) provides that application for design review must be made on applications obtained from the Planning Department, which also makes a recommendation with respect to the application to the Design Review Board. A fee is required with the application. Section 118-255.

28. Decisions of the Design Review Board are subject to review by the City Commission, which will hear the matter on the record created before the design review board. City commission review is limited to whether the Design Review Board provided procedural due process, observed "essential requirements of law" and based its decision on competent substantial evidence. Section 118-262(a) & (b).

29. The City Code provides no guidelines for use by the City Commission to determine whether the Design Review Board observed essential requirements of law and based its decision on competent substantial evidence.

**The City's Ordinance Permitting Graffiti with Owner's Permission**

30. Despite the absolute prohibition of graffiti in Sections 58-298 and 58-299 and the purported permitting process in Section 138-204, Section 70-123 of the City Code permits graffiti on property with the owner's consent further evidencing the vagueness of the statutory scheme regarding graffiti.

31. Graffiti is defined by Section 70-122 of the City Code, which provides that:

> Graffiti means the unauthorized application of paint, ink, chalk, dye, felt-tip or indelible marker, crayon or any non-water soluble substance, or by applying or affixing inscribed or engraved materials, including posters, placards and flyers of any size and type on public or private permanent structures located on publicly or privately owned real property within the city.

32. Section 70-122 fails to define the term "unauthorized." Nor is the term "unauthorized" defined in any other section of the City Code.

33. Plaintiff cannot determine from the City Code whether the term "unauthorized" applies to authorization, or lack of authorization, from the City, or whether the term refers to authorization or lack of authorization from a property owner.

**Enforcement of the Subject Ordinances**

34. In 2004, the City cited Gerszberg for violating Section 58-299 because graffiti art was found on his property. He was threatened with fines of up to $1,000 per day if the graffiti art remained. Although Gerszberg had no objection to the graffiti art, under the threat of fines, he had the graffiti removed. A copy of the Notice to Appear sent by the City to Mr. Gerszberg is attached as Exhibit B to this Complaint.

35. The City made no effort to determine if the graffiti art was authorized, instead merely enforcing its Code section as an absolute prohibition of graffiti art.

36. Gerszberg has no adequate remedy at law and there is an actual, practical and present need for declaratory and/or injunctive relief.

37. Unless enjoined, the City's likely enforcement action will result in the loss of Gerszberg's substantial rights.

## COUNT I

### The Anti-Graffiti Ordinances Violate the First and Fourteenth Amendments

38. Gerszberg realleges and incorporates paragraphs 1 through 37 as though fully set forth herein.

39. To the extent the provisions of the City Code prohibit the placement or maintenance of graffiti art on private property, with the consent of the owner, the City Code constitutes impermissible content-based restrictions on free speech and artistic expression.

40. To the extent the City Code prohibits the placement or maintenance of graffiti art on private property, with the consent of the owner, the provisions of the City Code are not necessary to further any compelling state interest.

41. As alleged above, Gerszberg has commissioned a work of graffiti art to be placed on his property. The City has in the past cited Gerszberg for violation of section 58-299, and required him to remove graffiti art from his property. The City has not declared in any manner an intention to cease the enforcement of Section 58-298 or Section 58-299 of its Code with respect to graffiti art.

42. The anti-graffiti art provisions of the City Code deprive Gerszberg of his substantial rights guaranteed by the First Amendment and Fourteenth Amendments to the United States Constitution.

WHEREFORE, on this Count I, Gerszberg demands judgment against the City:

A. Declaring each of the City's anti-graffiti ordinances unconstitutional on its face and as applied to Gerszberg;

B. Permanently enjoining the City from enforcing the ordinances;

C. Awarding Gerszberg his attorneys fees and costs pursuant to 42 U.S.C. § 1988; and

D. Ordering any other appropriate relief.

**COUNT II**

**The Anti-Graffiti Ordinances are Unconstitutionally Vague**

43. Gerszberg realleges and incorporates paragraphs 1 through 37 as though fully set forth herein.

44. The City's anti-graffiti ordinances are unconstitutionally vague and overbroad. There is no definition of "graffiti" in Section 58-298 or 58-299, and both these ordinances and Section 70-123 use the ambiguous term "unauthorized." The ordinances do not provide notice of what subjects and conduct they impact. Specifically, it is unclear whether these ordinances prohibit the placement or maintenance of graffiti art commissioned or authorized by the owner on his or her property, particularly when read in the light of the artistic graphics ordinance.

WHEREFORE, on this Count II, Gerszberg demands judgment against the City:

A. Declaring each of the City's anti-graffiti ordinances unconstitutional on its face and as applied to Gerszberg;

B. Permanently enjoining the City from enforcing the ordinances;

C. Awarding Gerszberg his attorneys fees and costs pursuant to 42 U.S.C. § 1988; and

D. Ordering Any other appropriate relief.

**COUNT III**

**The Artistic Graphics Ordinance Violates the First and Fourteenth Amendment**

45. Gerszberg realleges and incorporates paragraphs 1 through 37 as though fully set forth herein.

46. The artistic graphics ordinance allows constitutionally protected graffiti art to be displayed by permit holders but denies expression of this protected form of speech for those who do not hold a permit.

47. Gerszberg's First Amendment rights are violated by requiring a property owner who wants to display graffiti art to undergo the City's convoluted and undefined permitting process for "artistic or super graphics," pursuant to which the City may exercise unfettered discretion in deciding the artistic merit and content of the display.

48. Freedom of speech is a fundamental right and so strict scrutiny must be applied to survive Equal Protection review. Because the City's restrictions on the display of graffiti art are not necessary to further any compelling state interest, the artistic graphics ordinance violates the Equal Protection clause of the Fourteenth Amendment.

49. The artistic graphics ordinance constitutes an impermissible prior restraint upon free expression and affords unbridled discretion to City officials to approve or deny permits for artistic graphics based on content.

50. The artistic graphics ordinance restricts Gerszberg's freedom of speech and artistic expression and therefore constitutes a deprivation of liberty without due process of law in violation of the Due Process clause of the Fourteenth Amendment.

WHEREFORE, on this Count III, Gerszberg demands judgment against the City:

A. Declaring the City's artistic graphics ordinance unconstitutional on its face;

B. Permanently enjoining the City from enforcing the ordinances;

C. Awarding Gerszberg his attorneys fees and costs pursuant to 42 U.S.C. § 1988; and

D. Ordering any other appropriate relief.

Benjamine Reid
Florida Bar No. 183522
E. Kelly Bittick, Jr.
Florida Bar No. 654035

Carlton Fields, P.A.
4000 Bank of America Tower
100 S.E. Second Street
Miami, Florida 33131
Tel: (305) 539-7222
Fax: (305)530-0055
Email: breid@carltonfields.com
E-mail: kbittick@carltonfields.com

# EXHIBIT "A"



# EXHIBIT "B"

**NOTICE TO APPEAR BEFORE SPECIAL MASTER**
**CITY OF MIAMI BEACH**
**1700 Convention Center Drive**
**3rd Floor Commission Chambers**
**Miami Beach, Miami-Dade County, Florida**
**www.specialmaster@miamibeachfl.gov**

TO: SETH GERSBERG
c/o 1 MARTIN AV
SOUTH RIVER NJ 08882

Special Master Case Number: JC05000394
Code Vio #: CE05000079
Code Inspector: CASTELL
**Telephone: (305) 673-7555**

Property Address: 4609 PINETREE DR MBCH

Hearing Date: 07/28/2005
Hearing Time: 9:00 A.M.

**OFFENSE:** **vacant lot ..pm vios..graffitti**
**Code Section:** **58-2991**

1. Pursuant to Section 162.03, Florida Statutes, you are noticed to appear before the Special Master of the City of Miami Beach, on 07/28/2005, at 9:00 A.M. for failure to correct the violations cited in the Notice of Violation dated 10/21/2004 within the time specified for correction in that Notice. Failure to appear will result in action being taken in your absence.

2. **You may obtain a copy of the violations from the Code Compliance Department by calling (305) 673-7555. Refer to Code Violation Number CE05000079 when making your request. Additionally, you must direct all questions regarding the violations to the Code Compliance Department**; the Office of the Special Master cannot answer any questions about the violations. If you believe that you have fully complied with the violations cited, you must request an inspection by the Code Inspector prior to the hearing by calling the Code Inspector at (305) 673-7555. If the violation is corrected and then recurs, or if the violation is not corrected by the time specified for correction by the Code Inspector, this case may be presented to the Special Master, even if the violation has been corrected prior to the Special Master hearing, for an adjudication of guilt. If you have any questions about the hearing itself, please call (305) 673-7181 for assistance. Requests for continuances must be **in writing** and delivered or faxed to the Office of the Special Master **two (2) working days prior** to your scheduled hearing (fax: 305-673-7182). The Special Master will review your request for continuance at the hearing and make a determination. Denial of your request for a continuance will result in action being taken in your absence.

3. You have the right to testify on your own behalf at the hearing; to bring witnesses to testify, and to present evidence regarding the existence of the violation, and your efforts at compliance. An attorney may appear before the Special Master on your behalf, at your expense.

4. Pursuant to 162.09, Florida Statutes, the Special Master may impose fines up to $1000 per violation, for each day on which any violation exists, or up to $5000 per violation, per day, if the same violation has been repeated by the same violator, within the last five years. If you should fail to pay the fine timely, liens may be imposed upon your personal and real property, and eventually foreclosed upon, or otherwise enforced.

5. Pursuant to Section 286.0105, Florida Statutes, the City hereby advises the public that: "If a person decides to appeal any decision made by the Special Master, at its meeting or hearing, said person will need a record of the proceedings, and that for such purpose, affected persons may need to ensure that a verbatim record of the proceedings is made, which record includes the testimony and evidence upon which the appeal is to be based." This Notice does not constitute consent by the City for the introduction or admission of otherwise inadmissible or irrelevant evidence, nor does it authorize challenges or appeals not otherwise allowed by law.

6. Pursuant to Section 30-79, of the Code of the City of Miami Beach, the violator is held liable for the reasonable costs and expenses incurred by the City in enforcement, including, but not limited to, all costs for enforcement and collection.

**CERTIFICATE OF MAILING**

I, LISA R. MARTINEZ, Clerk of the Special Master, hereby certify that this notice was sent Certified mail OR regular mail to the alleged violator on 04-08-2005 .

(JCDOC

**PROPERTY MAINTENANCE CODE COMPLIANCE**

**VIOLATION LIST**

Owner: SETH GERSBERG

Inspection Date: 10/04/2004

Property Address: 4609 PINETREE DR

Case No: CE05000079

Sub-type: GENERAL

Code Compliance Officer: George Castell

All work performed is to be done with proper materials in an approved workmanlike manner and is subject to inspection and shall be completed within 15 days from receipt of this notice. Building Permits must be secured before repairs are started.

If you have any questions regarding this notice, please call (305) 673-7555.

**Unit No.: GENRL**

974 Every owner of a vacant building, structure or lot shall be responsible for removing unauthorized signs, posters and graffiti from the building's exterior of premises. 58-299i

995 As a cumulative and supplemental method of enforcing the remedial purposes of this article, the code inspector is authorized, empowered and directed, in the event of a willful and intentional failure or refusal to obey or comply with the requirements of any notice of violation issued in accordance with the provisions of this article fifteen days after date of receipt of such notice, to carry out or cause to be carried out the provisions of such notice of violation. Any cost incurred by the City will be the responsibility of the property owner and will become a lien on the property. Section 58-201(b)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

SETH GERSZBERG

(b) County of Residence of First Listed Plaintiff Middlesex County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address and Telephone Number)
**Benjamine Reid, Esq., Carlton Fields, P.A., 4000 Bank of America Tower, 100 S. E. 2nd Street, Miami, Florida 33131 – 305/530-0050**

**DEFENDANTS**

CITY OF MIAMI BEACH, FLORIDA, a Florida municipality

County of Residence of First Listed Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known) MAGISTRATE JUDGE TURNOFF

06-21105 CIV ASG / WCT

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in one box for plaintiff And One Box For Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ✓ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
✓ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/ DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 28 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

✓ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (See VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S)** (See instructions second page): a) Re-filed Case ☐ Yes ✓ No b) Related Cases ☐ Yes ✓ No
JUDGE ________ DOCKET NUMBER ________

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**

**First Amendment challenge to City ordinances pursuant to 42 U.S.C., Section 1983**

LENGTH OF TRIAL via five (5) days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ N/A CHECK YES only if demand in complaint Check YES only if demanded in complaint: JURY DEMAND ☐ YES ✓ NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD BENJAMINE REID [signature]

DATE 5/3/06

FOR OFFICE USE ONLY:
AMOUNT $350 RECEIPT #. 939506 IFP ______
05/03/06

MIA#2447456.1

**INSTRUCTIONS R ATTORNEYS COMPLETING CIVIL COVE HEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U. S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

**(c)** Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**(d)** Choose one County where Action Arose.

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled Copy of Order of Dismissal. (3)

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VI. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and **the** corresponding judge names for such cases.

**VII. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**
Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.